UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MICHAEL GIANNONE,<br><br>   Plaintiff(s),<br><br>v.<br><br>NEVADA PROPERTY 1, LLC,<br><br>   Defendant(s). | Case No. 2:24-cv-00627-NJK<br><br>**Order**<br><br>[Docket No. 11] |

Pending before the Court is Plaintiff's motion to remand. Docket No. 11. Defendant filed a response in opposition. Docket No. 12. Plaintiff filed a reply. Docket No. 13. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to remand is **DENIED**.

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446.

Plaintiff's motion is predicated on the assertion that the removal papers do not properly identify Defendant's citizenship for diversity purposes. Docket No. 11 at 4. Plaintiff is correct that the petition for removal is defective because the law has been clear for decades that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nonetheless, Defendant has now provided a declaration attesting that its only member is MGM Resorts International, which is a Delaware corporation with its principal place of business in Delaware. Docket No. 12-4. Given that Plaintiff

1

is a Nevada citizen, the Court is persuaded that a factual basis has been established to find diversity of citizenship for jurisdictional purposes.[1]

As Plaintiff notes in reply, however, the petition for removal remains defective. *See* Docket No. 13 at 2. "Defective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, including those in a notice of removal, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). As such, Defendant will be permitted to amend its petition for removal to properly explain its citizenship as an LLC.[2]

For the reasons discussed above, the motion to remand is **DENIED**. <u>Defendant must amend its petition for removal to properly explain its citizenship by May 23, 2024</u>.

IT IS SO ORDERED.

Dated: May 13, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff's reply challenges the declaration as to Defendant's citizenship. Docket No. 13 at 3-4. The Court is satisfied for today's purposes by the showing made by Defendant, but the matter may be revisited in the future if the circumstances justify doing so. *See* Fed. R. Civ. P. 12(h)(3) (subject matter jurisdiction may be addressed "at any time").

[2] Defendant seems to suggest that its current petition for removal is sufficient because it alludes to a Delaware citizenship. *See* Docket No. 12 at 3; *see also* Docket No. 1 at 2. The Court is not persuaded that the petition for removal suffices in its current form. *Cf. Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64-65 (9th Cir. 2011).