UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MICHAEL GIANNONE,<br><br>   Plaintiff(s),<br><br>v.<br><br>NEVADA PROPERTY 1, LLC,<br><br>   Defendant(s). | Case No. 2:24-cv-00627-NJK<br><br>**Order** |

Pending before the Court is an order to show cause why Defendant should not be sanctioned for violating the Court's orders. Docket No. 15. Defendant filed a response. Docket No. 21.

**I.    BACKGROUND**

On March 29, 2024, Defendant filed a petition for removal, along with a certificate of interested parties. Docket Nos. 1, 2. Those papers failed to identify Defendant's members and their citizenship as required by controlling legal precedent and the governing rules. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 7.1(a)(2). On April 3, 2024, the Court ordered Defendant to file an amended certificate of interested parties that properly identified its members and their citizenship by April 8, 2024. Docket No. 7. Defendant filed nothing in response. On April 9, 2024, the Court again ordered Defendant to file an amended certificate of interested parties that properly identified its members and their citizenship by April 15, 2024. Docket No. 9. In light of the prior violation of its order, the Court expressly warned that "[f]ailure to comply with this order may result in the imposition of sanctions." *Id.* at 2. Despite that warning, Defendant did not file an amended certificate of interested parties.

On April 17, 2024, Plaintiff filed a motion to remand centered on the fact that Defendant refused to identify its citizenship. *See* Docket No. 11. On May 1, 2024, Defendant filed a response to that motion to remand that finally identified its member and its citizenship. *See* Docket No. 12. Although the Court denied the motion to remand based on the belated information, Docket No. 14, it also ordered Defendant to show cause based on the violations identified above, Docket No. 15. The order to show cause is the matter before the Court.

**II.   STANDARDS**

A party or its attorney may face sanctions for their failure to comply with any pretrial order. Fed. R. Civ. P. 16(f). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corporation*, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (affirming dismissal sanction). The rules also expressly authorize an award of the reasonable expenses (including attorneys' fees) incurred by

the opposing party based on the noncompliance, unless it was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 16(f)(2).[1]

### III.     ANALYSIS

There is no dispute that Defendant violated multiple orders to identify its member and citizenship to support its removal based on diversity jurisdiction. There is also no reasonable dispute that Defendant's violation of those orders resulted in Plaintiff expending the time and money to file a motion to remand predicated on Defendant's failure to substantiate its citizenship.[2]

Nonetheless, Defendant's response to the order to show cause seeks to avoid sanctions. Defendant explains the above violations stemmed from a medical leave by a junior attorney on the case. *See* Docket No. 21 at 2-3. The first obvious problem with this excuse is that Defendant had <u>three</u> attorneys of record when this case was removed and when the orders were issued. *See* Docket No. 1 at 1. Ultimately, all attorneys of record bear responsibility for meeting deadlines and sanctions are not skirted by a representation that such responsibility was delegated to less senior attorneys. *See, e.g.*, *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, at *5 (D. Nev. Feb. 2, 2018). The Court has been left with no reasonable explanation as to why the other counsel of record failed to even look at the docket to identify any potential filings that were needed once they had been alerted to the medical leave issue. The second obvious problem with this excuse is that a replacement associate was assigned to the case on April 12, 2024, Docket No. 21-1 at ¶ 16,

---

[1] Rather than addressing the standards specific to Rule 16(f), Defendant's response to the order to show cause focuses on the issue of excusable neglect. For example, Defendant highlights a ruling in another case where the court withdrew its order granting a motion as unopposed and reopened the responsive brief deadline. *See Snow Covered Capital, LLC v. Fonfa*, No. 2:22-cv-1181-CDS-VCF, Docket No. 48 (D. Nev. Jan. 17, 2023). The ship has sailed on reopening the ordered deadlines in the case. The issue at bar is whether to award sanctions under Rule 16(f) and the Court relies on the standards specific to that context.

[2] Defendant's contention that the violations were harmless and did not prejudice Plaintiff lacks merit. Plaintiff's counsel took the time and effort to file a motion to remand predicated on Defendant's failure to substantiate its citizenship, which is time and effort that was wasted unnecessarily precisely because Defendant violated the Court's orders. Defendant's position that its failure to comply with the Court's orders to substantiate its citizenship was not at issue in the motion to remand, Docket No. 21 at 5, is belied by the motion to remand itself, Docket No. 11 at 3-4 (relying on *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. Appx. 62, 64 (9th Cir. 2011), to argue that remand was warranted because "Defendant has not even attempted to identify and allege the citizenship of any of its members").

which predates by several days the final deadline to file a proper certificate of interested parties, *see* Docket No. 9. As with the other counsel of record, the Court is left with no explanation as to why this new attorney did not look at the docket upon entering the case.[3] In short, the preexisting counsel of record and the new counsel of record all had reasonable notice that items may have fallen through the cracks given the other attorney's medical leave, but none of them took the basic steps needed to ensure that Defendant was complying with the orders issued in the case.

The Court credits the representations that the violations at issue were not intentional or in bad faith, *see, e.g.*, Docket No. 21 at 2, but neither state of mind is required for sanctions to be warranted pursuant to Rule 16(f), *e.g.*, *Hologram USA*, 2016 WL 2757377, at *2. The Court has been given no basis on which to find that the shortcomings were substantially justified nor that such an award would be unjust. *See* Fed. R. Civ. P. 16(f). Moreover, the brunt of the consequences for the above violations (unintentional as they may have been) should be borne by Defendant and not by Plaintiff. *See Sherman*, 801 F.2d at 1135 (noting the remedial nature of Rule 16(f)). Given the circumstances, the Court will limit the financial repercussions to ameliorating the harm incurred by Plaintiff in filing an unnecessary motion to remand based on Defendant's failure to comply with the Court's orders. Accordingly, the Court orders defense counsel[4] to pay $500 to

---

[3] The papers reference a "lapse in calendaring" apparently caused by a staffing shortage. *See* Docket No. 21-1 at ¶ 17; *see also* Docket No. 21 at 3. Meaningful elaboration is not provided. Regardless, it is ultimately the <u>attorneys</u>' responsibility to monitor their cases, so it is unavailing that counsel outsourced that task to staff and that the staff-based system failed. *See, e.g.*, *Krohn v. Am. Auto. Assoc.*, 2013 WL 5718943, at *1 (D. Nev. Oct. 18, 2013).

[4] The response to the order to show cause indicates that "Counsel for Defendant takes responsibility" for the violations at issue, Docket No. 21 at 4, which the Court takes as a request that any monetary sanctions be imposed on counsel rather than on Defendant itself. While the Court notes that the order to show cause was directed to "Defendant," Docket No. 15, the manner in which the order to show cause was drafted does not limit the Court's ability to accommodate counsel's request to bear responsibility for any monetary sanctions. First, unlike other provisions in the Federal Rules of Civil Procedure, Rule 16(f) does not include a notice requirement before an award of attorney's fees is made. *See* Fed. R. Civ. 16(f)(2); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (addressing lack of any notice requirement for sanctions imposed under Rule 37(b)). Second, the plain language of the rule itself provides notice to counsel that they may be required to pay fees. *See* Fed. R. Civ. P. 16(f)(2) (stating that fees can be imposed on "a party, its attorney, or both"); *see also Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993) (explaining that a magistrate judge had discretion under the language of Rule 37 to impose fees against an attorney even though a motion for sanctions on its face sought fees against the party itself).

Plaintiff as fees and expenses incurred in the unnecessary filing of the motion to remand. This payment must be made by June 26, 2024.

**IV.    CONCLUSION**

For the reasons discussed above, defense counsel must pay $500 to Plaintiff as fees and expenses incurred in the unnecessary filing of the motion to remand. The order to show cause is otherwise **DISCHARGED**.

IT IS SO ORDERED.

Dated: June 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

5